James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

### UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF NEVADA

| In re | Case No: 22-10459-NMC |
|---|---|
| NTI-CA INC. | Chapter 11 |
| Debtor. | **MOTION TO ENFORCE STIPULATION RE RESOLUTION OF HEARINGS SCHEDULED FOR APRIL 6, 2022 [ECF NO. 77]** |
| | **Hearing Date: OST REQUESTED** |
| | **Hearing Time: OST REQUESTED** |

John Kindt ("Kindt" or "Plaintiff"), through his undersigned attorneys, submits this motion to enforce stipulation regarding resolution of hearings scheduled for April 6, 2022 (the "Motion"). This Motion is made and based on the following Memorandum of Points and Authorities, the Ryan Works Declaration ("Works Decl."), the papers and pleadings on this Court's docket, as well as the argument to be made at any hearings on this matter.

This Motion is being filed because the parties to the stipulation and order have delayed, attempted to re-trade, and now flatly refuse to acknowledge the agreement of the parties, made on the record at the April 5, 2022 hearing before the Court, then later memorialized by the two major shareholders – James Gleich and John Kindt. Time is of the essence as these individual designated responsible parties require access to their respective debtor companies immediately, or all will be

lost (for the creditors and equity security holders) in these Chapter 11 cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

4. Plaintiff consents to entry of final orders and/or judgments pursuant to Local Bankruptcy Rule 9014.2.

**II.   PROCEDURAL HISTORY**

1. On March 9, 2022, this Court set an evidentiary hearing to occur on April 6, 2022, related to several important matters. *See* Case 22-10459-nmc [ECF No. 43]. *See* Works Decl. at ¶4.

2. This Court set a hearing for April 5, 2022 on 9:15 am, pursuant to a Motion to Compel that was filed on April 1, 2022 [Adv. ECF No. 32]. *See* Works Decl. at ¶5.

3. Over the weekend of April 2-3, 2022 the parties engaged in significant conversations to resolve and/or narrow various disputes. *See* Works Decl. at ¶6.

4. On April 5, 2022 this Court convened a hearing at 9:15 a.m., by telephone, and heard the stipulations of the parities put on the record with respect to the April 6, 2022 hearings the following day. *See* Works Decl. at ¶8.

5. Meanwhile, counsel for Mr. Kindt drafted the stipulation to then have circulated for review, comment and edit, that would memorialize the oral agreements that were put on the record in open court on April 5, 2022. *See* Works Decl. at ¶9.

6. Counsel for Mr. Kindt first circulated that draft stipulation on April 4, 2022 at 4:45 p.m., prior to the hearing on April 5, 2022. That was acknowledged by counsel for Mr. Gleich at the April 5 hearing. *See* Works Decl. at ¶7

7. Counsel for Mr. Kindt received back comments from Mr. Johnson on April 5, 2022 at 2:34 p.m., but Mr. Winterton failed to respond. *See* Works Decl. at ¶10.

8. Frustrated that the stipulation was not finalized on April 5, 2022, on April 6 at 9:17 a.m., Mr. Works followed up with Mr. Johnson and Mr. Winterton requesting that the parties

complete the stipulation that day. Mr. Johnson responded thereafter, but his revisions were wholly rejected because they were completely inconsistent with, and in addition to, the stipulations made on the record in open court on April 5, 2022. Indeed, portions of the proposed changes were akin to a plan confirmation order, totally restructuring the equity units in the debtor entities without creditor input. *See* Works Decl. at ¶11.

9. On April 6, 2022 at 12:20 p.m., Mr. Winterton finally responded by stating that the proposed Debtor's counsel "should have the SAO by 1:30 pm." *See* Works Decl. at ¶12.

10. Mr. Winterton did not respond by 1:30 p.m. as promised; instead, his assist Autumn Wheeler sent a clean .pdf version of the stipulation (instead of a Word version in redline) at 2:06 p.m. containing significant material changes, that again, were completely outside the stipulation put on the record April 5, 2022. Moreover, the .pdf version had electronic signatures on the document as though this was the "take-it or leave-it" version. The .pdf had typos, grammatical errors, incomplete sentences, and unacceptable changes that could never be filed on the docket of this Court, especially under signature of counsel for Mr. Kindt. *See* Works Decl. at ¶13.

11. Mr. Works responded to the cleaned .pdf version at 4:00 p.m., rejecting the proposed changes to the stipulation. After speaking with Mr. Winterton about this, and the issues created by his office not redlining the Word version, he indicated that his office uses Word Perfect, and does not use Word. That was the reason he sent a cleaned version of the .pdf. Mr. Winterton did not respond further on April 6, 2022. *See* Works Decl. at ¶14.

12. On April 7, 2022 nobody from the Debtors' or Mr. Gleich reached out to discuss a final stipulation. Throughout that day counsel worked with Mr. Kindt to figure out what changes would be acceptable. On Friday April 8, 2022 Mr. Kindt's counsel followed up with Mr. Johnson and Mr. Winterton with the proposed redline copy of the PDF version trying in good faith to resolve this issue in short of further litigation. *See* Works Decl. at ¶15.

13. At 9:08 am on April 8, 2022, Mr. Winterton responded that he was having a conference call at 10:30 a.m. and would get back to counsel for Kindt then. Throughout the day, several individuals from McDonald Carano, Mr. Johnson and others followed up with Mr. Winterton's office. Mr. Works called his office and spoke to his assistant twice asking her to

continue trying to contact Mr. Winterton.  Mr. Johnson was calling his cell phone. At one point someone mentioned that they were texting or calling his wife's cell phone to try to figure out where he was.  Mr. Winterton was completely unavailable on April 8, 2022, which now clearly appears to be an intentional act. *See* Works Decl. at ¶16.

14. After 2:00 p.m., counsel for Mr. Kindt engaged with Mr. Johnson and Mr. Gleich to resolve any issues relating to the stipulation, conducting a conference call with both to go over the tortured history of the stipulation, Mr. Winterton's meddling and then failed response, and other issues.  At the end of the conference call Mr. Gleich and Mr. Johnson were in agreement that the stipulation (with changes that they demanded) would be acceptable to them, and that Mr. Works was authorized to use their electronic signatures to lodge the stipulation with the Court (subject to Mr. Kindt agreeing).  Counsel for Mr. Kindt confirmed this multiple times on the phone before letting the parties depart – indeed, Mr. Glech even offered to play golf with Mr. Works  at Redrock Country Club after this was resolved. *See* Works Decl. at ¶17.

15. On April 8, 2022, at 5:58 pm, Mr. Works confirmed with Mr. Johnson that the attached version of the stipulation was the version that Mr. Johnson and Mr. Gleich agreed to and that he had authority to use their e-signature to file, indicating that he would do so when Mr. Kindt approved the same version. *See* Works Decl. at ¶18.

16. After following up with Mr. Johnson by telephone, that I have been given authority to file by Mr. Kindt, Mr. Johnson and Mr. Gleich,  I then received an email from Mr. Johnson at 6:36 pm confirming the same. *See* Works Decl. at ¶19.

17. On April 8, 2022 at 7:30 pm, counsel for Mr. Kindt logged into ECF/PACER and filed the stipulation. He intentionally removed the signature of Mr. Winterton and Mr. Jacobi because he did not have their authority to file, as Mr. Winterton had made himself intentionally unavailable to complete the stipulation, even though it was counsel's understanding that Mr. Winterton was in agreement with the terms of the stipulation (including some of his changes) because it was the terms agreed on record. *See* Works Decl. at ¶20.

18. At no time, thereafter, did counsel for Mr. Kindt receive any objection, comments or concerns about the filing of that stipulation.  Yesterday, April 14, 2022, after the U.S. Trustee's

office convened yet another continued 11 U.S.C. § 341(a) Meeting of Creditors, it was first learned that Mr. Winterton apparently has issues with the stipulation. *See* Works Decl. at ¶21.

19. During the Meeting of Creditors, Mr. Winterton referred to the stipulation as "unsigned" and subject to "further settlement negotiations". After questioning Mr. Gleich about that and having in communications with counsel on the record, Mr. Gleich was instructed to not comment and refused to testify further. *See* Works Decl. at ¶22.

20. Furthermore, on April 11, 2022 at 6:12 pm, counsel for Mr. Kindt sent an email to Mr. Winterton and Mr. Johnson inviting them to a meeting on April 12, 2022 to go over, "the logistics/next steps/ things to do?". Mr. Works, Mr. Winterton and Mr. Johnson convened a call the morning of Tuesday, April 12, 2022 and discussed the orderly transition of power and allocation of duties and responsibilities as between Mr. Kindt and Mr. Gleich, consistent with stipulation. At no time during that call was there any objecting comment or concerns lodged in relation to the filed stipulation. Indeed, counsel for Mr. Kindt also filed notices of designation of responsible persons, consistent with the stipulation. *See* Works Decl. at ¶23.

21. In fact, there was significant discussion as to how to split up the company between the two shareholders, again premature, and akin to a plan. The parties further discussed taking the first steps and designating the responsible person, getting those persons access to computer programs, bank accounts, financials, books, records, and other things so that each could run their respective entities. *See* Works Decl. at ¶24.

22. Counsel for Mr. Kindt did not hear from Mr. Johnson or Mr. Winterton until the 341(a) Meeting of Creditors at which point it became clear that Mr. Winterton and Mr. Gleich intended to breach the stipulation and were going back on their agreements that had been given in exchange for vacating the April 6 hearings. Clearly, Mr. Gleich at the direction of Mr. Winterton has violated the stipulation and this Court should force compliance as fully set forth below. *See* Works Decl. at ¶25.

### III. ARGUMENT

The Nevada Supreme Court has long held "because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 121

Nev. 119 P.3d 1254, 1257 (2004). Those principles of interpretation state, "where a document is clear on its face, it "will be construed from the written language and enforced as written." *Ellison v. California State Auto. Ass'n*, 106 Nev. 797 P.2d 975, 977 (1990).

Basic contract law principles require an offer, acceptance, meeting of the minds, and consideration for there to be a valid and enforceable contract. *May,* 121 Nev. at 672, 119 P.3d at 1257. When the contract at issue is a settlement agreement, the Court may compel compliance. *Id.*; *see also In re Amerco Derivative Litig.*, 127 Nev. 196, 211, 252 P.3d 681, 693 (2011) ("Our ultimate goal is to effectuate the contracting parties' intent, however, when that intent is not clearly expressed in the contractual language, we may also consider the circumstances surrounding the agreement.").

A stipulation is no different than a settlement agreement because a stipulation gives the Court power to enforce such rights and protections as provided in a stipulation. *In re Horizon Village Square LLC*, No. II-21034-MKN, 2011 WL 4520511 (Bkrtcy. D. Nev. Sep. 23, 2011). In *Horizon Village Square LLC,* a debtor, pursuant to a stipulation, filed a motion to authorize debtor's payment of certain tax obligations, and the creditor opposed, arguing the debtor misinterpreted the stipulation. *Id.* Ultimately, the court enforced the stipulation in favor of the debtor holding:

> "The Stipulation has been negotiated in good faith and at arm's length and is fair and reasonable under the circumstances and reflects Debtor's exercise of its prudent business judgment consistent with its fiduciary duties." The Court further held that "All of the protections and rights granted to [creditor] and Debtor, respectively, under the Stipulation are approved and adjudicated by the Court and [creditor] and Debtor s*hall be entitled to enforce all such rights and protections as provided to each in the Stipulation*."

*Id.* (emphasis added)

This aligns with the general principle that stipulations require assent to its terms to be valid and will be enforced if it is entered in the minutes of the court in the form of an order *or is in writing and subscribed by the party against whom the stipulation is alleged. Grisham v. Grisham*, 128 Nev. 679, 688, 289 P.3d 230, 236 (2012)(upholding a stipulation entered on the record of the courts minutes); *cf., Palmer v. City of Long Beach,* 33 Cal.3d 134, 199 P.2d 952, 957 (1948); *Casentini v. Hines,* 97 Nev. 186, 625 P.2d 1174 (1981); *Szilagyi v. Testa*, 99 Nev. 834, 838–39, 673 P.2d 495, 498 (1983)(declining to enforce stipulations that were not reduced to writing).

Here, the Parties agreed *in writing* to the Stipulation Re Resolution of Hearings Scheduled for April 6, 2022 (the "Stipulation"). [ECF No. 77]. The Parties spent extensive time negotiating the terms of the Stipulation and reduced those terms to an agreed upon writing. The Stipulation provided among other things that the April 6 hearings would be vacated in exchange for recognition that Mr. Kindt would be recognized as a 45% shareholder, get his job back, gain control of NTI-CA, NTI-NY and NTI-Groundtrans. *Id.* Mr. Gleich would be the control-person for NTI-NV. Each party would stand-down for the time being in litigating the Adversary, and the Motion to Dismiss the Bankruptcy Cases would be withdrawn with Kindt ratifying the same as a 45% shareholder. It became clear from 341(a) Meeting of Creditors that Mr. Winterton would not be following the terms of the Stipulation. Because Mr. Gleich through Mr, Johnson, agreed in writing to the Stipulation, this Court has the power to enforce the rights and protections as provided in the Stipulation as it would any other settlement agreement.

Time is of the essence in this matter. The parties agreed that Mr. Kindt would be the responsible person for Debtors - NTI-CA, NTI-Ground Trans and NTI-NY; whereas Gleich would be the responsible person for Debtor NTI-NV. Mr. Kindt would also be reinstated to his former position along with NTI-CA personnel. Mr. Gleich and Mr. Winterton are now thwarting that agreement. DIP accounts are being set up. DIP financing is in progress. The parties' Stipulation was never intended to be case dispositive. The Stipulation was to facilitate next steps in rehabilitating the Companies. Mr. Kindt needs to do his job immediately without interference from Mr. Gleich or Mr. Winterton, who has consistently favored Mr. Gleich over Mr. Kindt (again, Kindt and Gleich are both 45% shareholders of the parent NTI and the only two directors for NTI). Mr. Winterton should not be allowed to continue to show favoritism. Moreover, Mr. Kindt needs to be able to facilitate the correction of certain Bankruptcy schedules, the SOFA and other filings, that are riddled with errors under the watch of Mr. Winterton and Gleich. Moreover, monthly operating reports are now two-months past-due and Mr. Winterton is failing and refusing to file the same in compliance with the US Trustee Guidelines. Mr. Winterton needs to be removed from this case, as he is causing significant harm to the creditors and this estate. Moreover, the additional delay has

become significantly harmful to the estates as well as creditors, requiring this Court to immediately require compliance with the Stipulation.

### IV.   CONCLUSION

For all the foregoing reasons, the Court should grant this Motion, in its entirety.

Dated this 15th day of April, 2022.

                                     McDONALD CARANO LLP

                                     By: */s/ Ryan J. Works*
                                          Ryan J. Works, Esq. (NSBN 9224)
                                          Amanda M. Perach, Esq. (NSBN 12399)
                                          2300 West Sahara Avenue, Suite 1200
                                          Las Vegas, Nevada 89102
                                          rworks@mcdonaldcarano.com
                                          aperach@mcdonaldcarano.com

                                          James E. Whitmire, Esq.
                                          Nevada Bar No. 6533
                                          SANTORO WHITMIRE
                                          10100 W. Charleston Blvd., Suite 250
                                          Las Vegas, Nevada 89135
                                          jwhitmire@santoronevada.com

                                          *Attorneys for John Kindt*