James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt works decl.*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NTI-CA INC.<br><br>Debtor. | Case No: 22-10459-NMC<br>Chapter 11<br><br>**DECLARATION OF RYAN J. WORKS, ESQ. IN SUPPORT OF MOTION TO ENFORCE STIPULATION RE RESOLUTION OF HEARINGS SCHEDULED FOR APRIL 6, 2022 [ECF NO. 77]**<br><br>**Hearing Date: OST REQUESTED**<br>**Hearing Time: OST REQUESTED** |

I, RYAN J. WORKS, ESQ., declare under penalty of perjury:

1. I am a partner with the law firm of McDonald Carano LLP, counsel to John Kindt ("Kindt" or "Plaintiff") individually and as a 45% "Founding Shareholder", director, and officer of National Transportation, Inc., NTI-CA, Inc., NTI-NV, Inc. and National Ground Transport Inc. (the purported "Debtors") in their respective bankruptcy cases pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Cases").

2. This Declaration is made of my personal knowledge except where stated upon information and belief, and as to those matters I believe them to be true, and if called as a witness I could competently testify thereto.

3. I make this declaration in support of the *Motion to Enforce Stipulation Re Resolution*

*of Hearings Scheduled For April 6, 2022 [ECF No. 77]* (the "Motion") filed concurrently herewith.

4. On March 9, 2022, this Court set an evidentiary hearing to occur on April 6, 2022, related to several important matters. *See* Case 22-10459-nmc at [ECF No. 43].

5. This Court set a hearing for April 5, 2022 on 9:15 am, pursuant to a Motion to Compel that was filed on April 1, 2022 [Adv. ECF No. 32].

6. Over the weekend of April 2-3, 2022 the parties engaged in significant negotiations to resolve and/or narrow the disputes.

7. I first circulated that stipulation regarding the April 5, 2022 hearing on April 4, 2022 at 4:45 p.m.

8. On April 5, 2022 this Court convened a hearing at 9:15 a.m., by telephone, and heard the stipulations of the parities put on the record with respect to the April 6, 2022 hearings the following day.

9. Meanwhile, I continued drafting the stipulation to then have circulated for review, comment and edit, that would memorialize the oral agreements that were put on the record in open court on April 5, 2022.

10. I received back comments from Mr. Johnson on April 5, 2022 at 2:34 pm., but Mr. Winterton failed to respond.

11. Frustrated that the stipulation was not finalized on April 5, 2022, on April 6 at 9:17 a.m., I followed up with Mr. Johnson and Mr. Winterton requesting that the parties complete the stipulation that day. Mr. Johnson responded thereafter, but his revisions were wholly rejected because they were completely inconsistent with, and in addition to, the stipulations made on the record in open court on April 5, 2022. Indeed, portions of the proposed changes were akin to a plan confirmation order, totally restructuring the equity units in the debtor entities without creditor input.

12. On April 6, 2022 at 12:20 p.m., Mr. Winterton finally responded by stating that the proposed Debtor's counsel "should have the SAO by 1:30 pm."

13. Mr. Winterton did not respond by 1:30 p.m. as promised; instead, his assist Autumn Wheeler sent me a clean .pdf version of the stipulation (instead of a Word version in redline) at 2:06 p.m. containing significant material changes, that again, were completely outside the stipulation put

on the record April 5, 2022. Moreover, the .pdf version had electronic signatures on the document as though this was the "take-it or leave-it" version. The .pdf had typos, grammatical errors, incomplete sentences, and unacceptable changes that could never be filed on the docket of this Court, especially under my signature.

14. I responded to the cleaned .pdf version at 4:00 p.m., rejecting the proposed changes to the stipulation. After speaking with Mr. Winterton about this, and the issues created by his office not redlining the Word version, he indicated that his office uses Word Perfect, and does not use Word. That was the reason he sent a cleaned version of the .pdf. I did not hear further from Mr. Winterton on April 6, 2022.

15. On April 7, 2022 nobody from the Debtors' or Mr. Gleich reached out to discuss a final stipulation. Throughout that day counsel worked with Mr. Kindt to figure out what changes would be acceptable. On Friday April 8, 2022 I followed up with Mr. Johnson and Mr. Winterton with the proposed redline copy of the .pdf version trying in good faith to resolve this issue in short of further litigation.

16. At 9:08 am on April 8, 2022, Mr. Winterton responded that he was having a conference call at 10:30 a.m. and would get back to me then. Throughout the day, several individuals from McDonald Carano, Mr. Johnson and others followed up with Mr. Winterton's office. I personally called his office and spoke to his assistant twice asking her to continue trying to contact Mr. Winterton. Mr. Johnson was calling his cell phone. At one point someone mentioned that they were texting or calling his wife's cell phone to try to figure out where he was. Mr. Winterton was completely unavailable on April 8, 2022, which now clearly appears to be an intentional act.

17. After 2:00 p.m. on April 8, 2022, I engaged with Mr. Johnson and Mr. Gleich to resolve any issues relating to the stipulation, conducting a conference call with both to go over the tortured history of the stipulation, Mr. Winterton's meddling and then failed response, and other issues. At the end of the conference call Mr. Gleich and Mr. Johnson were in agreement that the stipulation (with changes that they demanded) would be acceptable to them, and that I was authorized to use their electronic signatures to lodge the stipulation with the Court (subject to Mr. Kindt agreeing). I confirmed this multiple times on the phone before letting the parties depart –

indeed, Mr. Glech even offered to play golf with me at Redrock Country Club after this was resolved.

18. On April 8, 2022, at 5:58 pm, I confirmed with Mr. Johnson that the attached version of the stipulation was the version that Mr. Johnson and Mr. Gleich agreed to and that he had authority to use their e-signature to file, indicating that I would do so when Mr. Kindt approved the same version.

19. After following up with Mr. Johnson by telephone, that I have been given authority to file by Mr. Kindt, Mr. Johnson and Mr. Gleich, I then received an email from Mr. Johnson at 6:36 pm confirming the same.

20. On April 8, 2022 at 7:30 pm, I myself logged into ECF/PACER and filed the stipulation. I intentionally removed the signature of Mr. Winterton and Mr. Jacobi because I did not have their authority to file, as Mr. Winterton had made himself intentionally unavailable to complete the stipulation, even though it was my understanding that Mr. Winterton was in agreement with the terms of the stipulation because it was the terms agreed on record, and subject to some of his changes.

21. At no time, thereafter, did I receive any objection, comments or concerns about the filing of that stipulation until yesterday after the U.S. Trustee's office convened another 341(a) Meeting of Creditors.

22. During the Meeting of Creditors, Mr. Winterton referred to the stipulation as "unsigned" and subject to "further settlement negotiations". After questioning Mr. Gleich about that and having in communications with counsel on the record, Mr. Gleich was instructed to not comment and refused to testify further.

23. Furthermore, on April 11, 2022 at 6:12 pm, I sent an email to Mr. Winterton and Mr. Johnson inviting them to a meeting on April 12, 2022 to go over, "the logistics/next steps/ things to do?". Mr. Winterton, Mr. Johnson and I convened a call the morning of Tuesday, April 12, 2022 and discussed the orderly transition of power and allocation of duties and responsibilities as between Mr. Kindt and Mr. Gleich, consistent with stipulation. At no time during that call was there any objecting comment or concerns lodged in relation to the filed stipulation. Indeed, I also filed notices of designation of responsible persons, consistent with the stipulation.

24. In fact, there was significant discussion as to how to split up the company between

1  the two shareholders, again premature and akin to a plan.  The parties further discussed taking the
2  first steps and designating the responsible person, getting those persons access to computer
3  programs, bank accounts, financials, books, records, and other things so that each could run their
4  respective entities.

5        25.   I did not hear from Mr. Johnson or Mr. Winterton until the 341(a) Meeting of
6  Creditors at which point it became clear that Mr. Winterton and Mr. Gleich intended to breach the
7  stipulation and were going back on their agreements that had been given in exchange for vacating
8  the April 6 hearings.  It is my belief that they have violated the stipulation and this Court should
9  force their compliance as fully briefed in the Motion to Enforce Stipulation being filed
10 simultaneously herewith.

      SIGNED under penalty of perjury this 15th day of April, 2022.

      By: *Ryan J. Works*
           RYAN J. WORKS, ESQ.