James E. Whitmire, Esq. (NSBN 6533)
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89134
Telephone: (702) 948-8771
jwhitmire@santoronevada.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>NTI-CA INC.<br><br>         Debtor. | Case No: 22-10459-NMC<br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF RYAN J. WORKS IN SUPPORT OF MOTION TO ENFORCE STIPULATION RE RESOLUTION OF HEARINGS SCHEDULED FOR APRIL 6, 2022 [ECF NO. 45]**<br><br>**Hearing Date: OST REQUESTED**<br>**Haring Time: OST REQUESTED** |

     I, RYAN J. WORKS, ESQ., declare under penalty of perjury:

     1.    I make this supplemental declaration in addition to, and in support of, the *Motion to Enforce Stipulation Re Resolution of Hearings Scheduled for April 6, 2022* [ECF No.'s 77, 86].

     2.    Attached hereto is a true and accurate copy of the transcript of the hearing/status-conference commenced on April 5, 2022 at 9:15 a.m. (the "Transcript")

     3.    I received a copy of this Transcript on Friday, April 15, 2022 at 8:09 p.m. and reviewed the Transcript over the weekend of April 16-17, 2022.

     4.    The Transcript provides further proof of the stipulations of the parties set forth on the record, in front of this Court, on April 5, 2022.

Dated this 18th day of April, 2022.

                McDONALD CARANO LLP

                By: */s/ Ryan J. Works*
                     Ryan J. Works, Esq. (NSBN 9224)
                     *Attorneys for John Kindt*

# EXHIBIT 1

# EXHIBIT 1

```
                    UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA (LAS VEGAS)
                                        .
IN RE:                                  .  Case No. 22-10459-nmc
                                        .  Chapter 11
NTI-CA INC.,                            .
                                        .
     Debtor.                            .
                                        .
. . . . . . . . . . . . . . . . .       .
JOHN KINDT, Individually and            .  Adv. No. 22-01041-nmc
Derivatively on Behalf of               .
Nevada Transportation, Inc.,            .
et al.,                                 .
                                        .
              Plaintiffs,               .
                                        .
v.                                      .  300 Las Vegas Blvd. South
                                        .  Las Vegas, NV 89101
JAMES GLEICH, et al.,                   .
                                        .  Tuesday, April 5, 2022
              Defendants.               .  9:15 a.m.
. . . . . . . . . . . . . . . . .       .
```

TRANSCRIPT OF MOTION TO COMPEL JOHN KINDT'S STATUS REPORT
CONCERNING DISCOVERY DISPUTE AND MOTION TO COMPEL DEPOSITION OF
T.J. PANTALEO AND PRODUCTION OF DOCUMENTS AND FILES FILED BY
RYAN J. WORKS ON BEHALF OF JOHN KINDT, INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF NEVADA TRANSPORTATION, INC. [32];
**BEFORE THE HONORABLE NATALIE M. COX
UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES CONTINUED.

| | |
|---|---|
| Audio Operator: | Benji Rawling, ECR |
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46048<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES (Continued):

For the Debtors:              David J. Winterton &
                              Associates, Ltd.
                              By:  DAVID J. WINTERTON, ESQ.
                              7881 W. Charleston Blvd., Suite 220
                              Las Vegas, NV 89117
                              (702) 363-0317

For John Kindt,               Santoro Whitmire
Individually and              By:  JAMES E. WHITMIRE, ESQ.
Derivatively on Behalf        10100 W. Charleston Blvd., Suite 250
of Nevada                     Las Vegas, NV 89135
Transportation, Inc.:         (702) 948-8771

                              McDonald Carano
                              By:  RYAN J. WORKS, ESQ.
                              2300 West Sahara Avenue, Suite 1200
                              Las Vegas, NV 89102
                              (702) 873-4100

For James Gleich and          Johnson & Gubler, P.C.
Marc Jacobi:                  By:  MATTHEW L. JOHNSON, ESQ.
                              8831 West Sahara Avenue
                              Las Vegas, NV 89117
                              (702) 471-0065
```

1

1        (Proceedings commence at 9:15 a.m.)

2            THE COURTROOM DEPUTY:  -- calendar in the matter of

3   Kindt v. Gleich, et al., Adversary Number 22-1041.  May we have

4   appearances, please.

5            MR. WORKS:  Good morning, Your Honor.  This is Ryan

6   Works, McDonald Carano, appearing as bankruptcy counsel on

7   behalf of Mr. Kindt, who I believe is joining us

8   telephonically, as well as my co counsel and lead litigation

9   counsel in the adversary, Mr. Jim Whitmire.  And thank you for

10  having us on shortened time, Your Honor.

11           MR. WHITMIRE:  Morning, Your Honor.  Jim Whitmire

12  here.

13           MR. KINDT:  Morning, Your Honor.  John Kindt.

14           MR. WINTERTON:  David Winterton on behalf of the

15  debtors.

16           THE COURT:  All right.  Good morning to everybody.  I

17  did set this on very shortened time.  Are we expecting anybody

18  else on the call (audio interference)?

19           MR. JOHNSON:  Morning, Your Honor.  This is Matt

20  Johnson on behalf of Jim Gleich (audio interference) Jacobi.

21           THE COURT:  Okay.  Thank you.  And then, do we have

22  anybody else that wants to make an appearance?  I think we have

23  some pro se parties, or at least one more pro se party.  Does

24  anybody else want to make an appearance?  All right.  I don't

25  hear anyone.

1           Mr. Works, you've requested this hearing.  Why don't
2  you let me know what is going on?
3           MR. WORKS:  Thank you, Your Honor.  And I'd like to
4  take this opportunity to maybe update the Court on what was
5  accomplished last week.  This Court's order was satisfied by
6  completion of the discovery period that we were able to
7  accomplish by April 1st, and I think we learned a lot during
8  that discovery period over the weekend.  Mr. Johnson and I took
9  the opportunity to have some real deep discussions about what
10 makes a lot of sense in my mind, Mr. Kindt's mind,
11 Mr. Whitmire's mind, and I think everybody on the phone.
12          We were obviously scheduled today on a discovery
13 dispute because we wanted to make sure that we dotted our I's
14 and crossed our T's to depose a witness who wasn't showing up,
15 but I think we can probably put that on ice for a moment while
16 I ask the Court's indulgence to sort of read off where I think
17 a stipulated order that we've drafted may come before Your
18 Honor to resolve everything for tomorrow's hearings.  And I'll
19 just take them in order of appearance from Your Honor's order,
20 if that's okay.
21          So first, Your Honor, we will -- I think we've
22 resolved the major issue of the stock ownership.  Mr. Kindt
23 will be recognized as a 45-percent shareholder in the
24 enterprise that is the parent company of the subsidiary
25 entities.  He will get his job back and continue to run/manage

1  the day-to-day operations of NTI-CA, and we will work with
2  debtor's counsel, Mr. Johnson, to appropriately modify the
3  schedules and statement of financial affairs to reflect that.
4              And in doing so, we will dismiss -- or not dismiss,
5  withdraw or ask your honor to deny it and moot our motion to
6  dismiss these Chapter 11 cases while we work towards what I
7  hope to be a consensual plan of reorganization that would make
8  sense for all the interested parties.
9              We are further stipulating that the motion to dismiss
10 the adversary case would be withdrawn as -- withdrawn at this
11 time without prejudice.
12             The motion to employ counsel, we're going to ask the
13 Court to continue it two weeks while we work on resolving the
14 issues that are presented in that particular application.  One
15 of the ideas that's being floated is that we would sort of
16 divide and conquer on behalf of these several entities because
17 they do perhaps have disqualifying conflicts amongst them.
18 Perhaps Mr. Johnson, myself, Mr. Winterton could present
19 something in two weeks if the Court has time on its calendar,
20 but we would ask that that motion also be taken off.
21             The two things that I really was unsure of but I have
22 also included in our stipulation are that the two orders to
23 show cause that Your Honor has put on the docket would be
24 either withdrawn or satisfied or we would continue those
25 deadlines out for further briefing if Your Honor had issues.

1          And then finally, with respect to the injunction
2   orders, the TRO and those orders, they would remain in effect.
3   However, the contempt would be withdrawn, the action.  The OST
4   on the contempt and so forth would be withdrawn.
5          So I believe that would -- if this stipulation that
6   I've circulated to all the parties becomes acceptable and
7   signed and submitted, I believe that that would allow for
8   vacating tomorrow's April 6th hearings on all these matters.
9   Now, I should say, I haven't seen responses back from
10  Mr. Winterton and Mr. Johnson.  So if I've said anything that
11  is disputed, I would obviously offer them the opportunity to
12  correct me where I went wrong, but that, I think, gets rid of
13  some of these threshold issues, Your Honor, as Mr. Kindt is
14  recognized as a 45-percent shareholder and would then ratify
15  these bankruptcy filings by putting on the docket an
16  appropriate resolution.  And again, this would be the clearest
17  and cleanest path towards proposing a plan of reorganization so
18  we can exit Chapter 11 hopefully soon.
19         And then, I thought of something else, Your Honor.  I
20  think -- I would also offer to file a joint motion to
21  consolidate these four cases by the end of this week.  I'll
22  take the laboring on that if somebody objects, but I think it
23  would make a lot of sense and help our confusion amongst the
24  filings in these cases to dissipate.

1      I'll take a breath, Your Honor, if you have any
2 questions, concerns, thoughts.  I know Mr. Whitmire, I think,
3 wanted to have some comments here after me, and then
4 Mr. Winterton and Mr. Johnson can go next.
5      MR. WHITMIRE:  Good morning, Your Honor.  Jim
6 Whitmire.  Extremely brief.
7      I think Mr. Works covered everything.  The
8 overarching concept here, I think, is to hit the pause button
9 on a very complicated case that we're chipping away at and
10 trying to reach an endgame here.  The only minor asterisk on
11 what Mr. Works said is on the orders to show cause on the
12 contempt issue, it would be withdrawn without prejudice.  All
13 of this is without waiver of rights and so forth.  But I think
14 that Mr. Works and Mr. Johnson had productive conversations
15 over the weekend, and we're trying to reach a foreseeable
16 endgame to all of this fighting.
17      So we're working hard.  Last week was an incredible
18 amount of effort by everyone, and we're chipping away.  We're
19 making progress.
20      MR. WINTERTON:  David Winterton on behalf of the
21 debtor.
22      Your Honor, I agree that all of us have been working
23 hard to be able to try to get this worked out and see what we
24 can do.  As per the settlement, it's very close to what we
25 have.  There's just a few things that haven't quite been

1  totally worked out.  There are some issues that need to be
2  resolved.  For example, all leases, there has to be a motion to
3  assume or reject within -- by the 10th.  So we're going to be
4  going ahead and signing those motions so that we can stay in
5  compliance with the bankruptcy court.
6          We also are under time restraints in regards to these
7  are small businesses, and I believe they're Subchapter V.  So
8  as a result, we will be asking for a motion to extend the time
9  to make sure that we're in compliance with the Subchapter V
10 requirements.  And those are just some of the bankruptcy issues
11 that need to be resolved because of the issues that have been
12 going on.
13         The ultimate endgame that we're looking for is we're
14 probably going to be dividing up the entities.  And as we
15 divide up the entities, there's preliminary work that Mr. Works
16 would take over with the entities that Mr. Kindt gets, and I
17 would be remaining with the entity or entities that my client
18 works -- or my client maintains at this point in time.
19         And so the other issue that -- well, I'm not even
20 going to talk about the other issue because it's really small,
21 and we just got the order at four o'clock and we weren't
22 talking about this stipulation this morning.  I think we can
23 finish out the stipulation and have it to the Court by the time
24 we have the hearing set for tomorrow.  We're that close to

1  having the wording down and having that done.  So with that
2  being said, that's kind of a status of where we're at.
3          MR. JOHNSON:  And I guess this is Matt Johnson, I'll
4  go last.
5          I think that we do have an agreement in concept.  We
6  did receive, last night, the proposed stipulation that we're
7  working on that wording.  We were on the phone with our clients
8  this morning, going through that.  And I think that, you know,
9  some of the language in there we don't agree with, and we're
10 going to need to try to do that today and tomorrow.  Maybe what
11 the best thing to do is continue this hearing that we have
12 right now to tomorrow at the time that we had scheduled for the
13 evidentiary hearing.  Obviously, we are not intending on moving
14 forward with the evidentiary hearing tomorrow.  We're trying to
15 work through these things.  But essentially, it would put
16 everything on hold while we try to work through the decision of
17 these entities and putting things back.  Number one, Mr. Gleich
18 can maintain something in bankruptcy, and number two, they can
19 go their separate ways, as well, because ultimately (audio
20 interference) -- standpoint.  I think, Your Honor, that (audio
21 interference) --
22         Hello?  This is Mr. Johnson.  I'm done.  I'm not sure
23 if anybody else -- hello?  Hello?  Hello?
24         UNIDENTIFIED:  I'm still here.
25         MR. JOHNSON:  Okay.  All right.

| | |
|---|---|
| 1 | UNIDENTIFIED: Your Honor? |
| 2 | MR. JOHNSON: I'm not sure the judge is here. |
| 3 | UNIDENTIFIED: How about Ms. Rawlings [sic]? |
| 4 | THE COURTROOM DEPUTY: I'm here. This is Benji |
| 5 | Rawling. Let me see if Judge is on the other phone. |
| 6 | Judge, can you hear us? |
| 7 | THE COURT: I can hear you, but you can't hear me. |
| 8 | THE COURTROOM DEPUTY: We can hear you now, Your |
| 9 | Honor. I'm sorry. |
| 10 | UNIDENTIFIED: Oh, okay. |
| 11 | THE COURT: Oh, okay. Yeah, I wasn't on mute, |
| 12 | actually. That was the (indiscernible). But I did hear |
| 13 | everyone. I never lost the ability to hear. So I heard |
| 14 | Mr. Johnson, I heard you speak. And I was asking, but then I |
| 15 | don't think anybody heard me, whether there's anybody else that |
| 16 | wants to be heard. |
| 17 | (No audible response) |
| 18 | THE COURT: All right. Then, Mr. Works, what do you |
| 19 | suggest, or what are you proposing with respect to tomorrow's |
| 20 | hearing then? Is it at a point where we can go ahead and take |
| 21 | those off calendar subject to the parties agreeing to a |
| 22 | stipulation. I suppose if you don't, resetting those. Or do |
| 23 | you want to keep them on as a placeholder, maybe incentive to |
| 24 | get the stipulation signed? How do you want to handle it? |

1           MR. WORKS:  I think it makes sense to take them off
2  calendar.  We've got some deadlines today, and -- that I'd like
3  to make sure are vacated so that we don't run afoul of Your
4  Honor's order.  I believe we could use it as a status, if I
5  heard Mr. Johnson correctly, maybe to use maybe a brief period
6  of the time you've set aside to say, Judge, we're all the way
7  here, but we've got this one little issue, can you help us
8  resolve it?  But I don't think that that's going to be
9  necessary.  I think we've really come to a point where the
10 wording of this, I don't think is going to get in the way of
11 the status.  So unless somebody disagrees with me, I think the
12 evidentiary hearing should be vacated and all the deadlines
13 associated with it and just use it as a status, and we can take
14 it off the second that the stipulation is on file.
15          MR. JOHNSON:  Mr. Johnson.  I would agree with --
16          THE COURT:  All right.  I'm sorry, can you state your
17 appearance, the last counsel who spoke.
18          MR. JOHNSON:  It's Matt Johnson, and I would agree
19 with Mr. Works on that.
20          THE COURT:  All right, thank you.
21          MR. WINTERTON:  David Winterton --
22          THE COURT:  But Mr. --
23          MR. WINTERTON:  -- on behalf of the debtor.  I would
24 also agree.

1          THE COURT:  All right.  All right.  Well, we'll -- I
2   will go ahead and take those matters off calendar.  If the
3   parties need to -- that opens up my Wednesday.  If there is a
4   need for a hearing, the parties just can contact my chambers
5   and we can set up a quick hearing tomorrow.  I'm going to take
6   every -- go ahead and just take those all off calendar.
7          With respect to the Court's orders to show cause, I'm
8   not sure that was ever got docketed.  So we'll take a look at
9   that on our end and determine whether -- what makes more sense,
10  to either continue those or to or to withdraw them at the
11  moment.  But we'll have to work out, first, making sure that
12  they were actually on the docket or why they weren't.  So
13  that's on the Court's end of things.
14         Now, how does that affect the discovery disputes,
15  Mr. Works?
16         MR. WORKS:  I believe the discovery disputes can be
17  vacated this morning in light of this resolution with just a
18  reservation of all rights.  I mean, we don't need to take this
19  forward any further today.  And hopefully, that'll resolve
20  itself through this process.
21         THE COURT:  All right.  Does anybody else want to be
22  heard on that matter?
23     (No audible response)
24         THE COURT:  All right.  Well, then we will -- I will
25  go ahead and vacate this hearing and -- or, I guess, you know,

1  consider it withdrawn at this point.  It can always be without
2  prejudice.  So all right.  Is there anything else that we need
3  to discuss before we can conclude this hearing?
4              MR. WINTERTON:  Your Honor, I just had a quick
5  housekeeping question.  Can we continue the hearing on the
6  motion to employ?  I think two weeks or just something around
7  that time.  I think that's enough time for us to solve the
8  problem of who is going to be representing who.
9              THE COURT:  Okay.  I'm sorry.  Ms. Rawling, can you
10 give us a date that's around the two-week mark.
11             THE COURTROOM DEPUTY:  Your Honor, do we want to set
12 it on the law in motion calendar or a session time?
13             THE COURT:  Mr. Works, are you anticipating that's
14 going to be hotly contested?
15             MR. WORKS:  No.
16             MR. WINTERTON:  No.
17             THE COURT:  Go ahead, Mr. Winterton.
18             MR. WINTERTON:  In fact, (indiscernible) what he --
19 yes, David Winterton.  What he may do is he'll be standing in
20 for some of the entity, so I'm not sure if we need to do -- if
21 you'll need to do a full application before the Court to make
22 sure you're properly -- we could do a substitution, but I just
23 want to make sure that you're properly employed.
24             MR. WORKS:  I -- and I'm not quite there yet actually
25 (indiscernible) client.  I don't know that -- you know, we just

1   need to -- we need to sort that out, so I think two weeks is
2   fine.  If we do have another motion, I will just ask for an OST
3   on that same date.  So whatever date we get, Your Honor, we'll
4   try to use it efficiently.
5           THE COURTROOM DEPUTY:  Two weeks --
6           MR. WORKS:  That will work, yes.
7           THE COURTROOM DEPUTY:  I'm sorry.  So two weeks, I
8   have as April 19 at 9:30.
9           MR. WINTERTON:  That works for me.
10          MR. WORKS:  Me, too.  Oh, wait.  Let's see, I may be
11  -- I'll check my calendar.  Daughter graduating from college,
12  and I want to make sure I'm there.
13          THE COURT:  Well, congratulations.
14          MR. WORKS:  That will work.  Thank you.  Yes, that
15  will work.  That will work for me.
16          MR. JOHNSON:  This is Matt Johnson.  It does not
17  work, but I don't think it affects me, so I think we're okay.
18          THE COURT:  All right.  Thank you, Mr. Johnson.
19          All right.  Then, we'll go ahead and continue the
20  employment application to April 19 at 9:30.  All right.
21          MR. WORKS:  Thank you, Your Honor.  Thanks for the
22  time, and we'll see you then.
23          UNIDENTIFIED:  Thank you.
24          THE COURT:  All right, thank you.
25          UNIDENTIFIED:  -- Your Honor.

1            UNIDENTIFIED:  Thank you.  Have a good day.
2            MR. WORKS:  See you, bye bye.
3            THE COURT:  You, as well.
4       (Proceedings concluded at 9:35 a.m.)
5                      * * * * *
6
7
8
9
10
11
12
13
14                   **C E R T I F I C A T I O N**
15
16       I, Alicia Jarrett, court-approved transcriber, hereby
17  certify that the foregoing is a correct transcript from the
18  official electronic sound recording of the proceedings in the
19  above-entitled matter.
20
21
22  *Alicia F. Jarrett*
23  _____
24  ALICIA JARRETT, AAERT NO. 428     DATE:  April 1, 2022
25  ACCESS TRANSCRIPTS, LLC