DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
DAVID J. WINTERTON & ASSOC., LTD.
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Telephone (702) 363-0317
Facsimile (702) 363-1630
david@davidwinterton.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | Case No. BK-22-10459-NMC |
| ) | |
| NTI-CA INC ) | Chapter 11 |
| ) | |
| ) | |
| ) | |
| Debtor. ) | Hearing Date: April 19, 2022 |
| ) | Hearing Time: 9:30 a.m. |

**DEBTOR'S OPPOSITION TO THE MOTION TO ENFORCE STIPULATION RE:**

**RESOLUTION ON HEARING SCHEDULED FOR APRIL 6, 2022.**

COMES NOW, NTI-NV, NTI-CA, NTI, Inc, and NTI Grand Transport, Inc., by and through their proposed counsel hereby files this Opposition to the Motion to Enforce Stipulation re: Resolution on Hearing Scheduled for April 6, 2022.

**LEGAL AUTHORITY**

While FRCP 12, made applicable by Bankruptcy Rule 7012, applies to adversary proceedings, motions to dismiss are treated as contested matters under Bankruptcy Rule 9014. Motions to dismiss under Rule 12 will be treated as motion to dismiss under 11 USCS §§ 1112(b) and 109 and Bankruptcy Rules 1017 and 9014. In re Republic Trust & Sav. Co., 59 B.R. 606, 1986 Bankr. LEXIS 6460 (Bankr. N.D. Okla. 1986).

**Rule 9014. Contested Matters**

**(a) Motion. In a contested matter not otherwise governed by these rules,**

1

> **relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.**

**LEGAL SUPPORT AND ANALYSIS**

**1.     The Settlement Agreement has not been properly signed.**

Counsel for the Debtor NEVER signed for and in behalf of the Debtor.  Counsel has NEVER been authorized to sign the documents. You cannot have a Settlement Agreement involving the Debtors when the Debtors NEVER signed the Settlement Agreement.

**2.     The Settlement Agreement is a Matter Under Fed. Rule Bankr. Pro. 9014 That Requires Court Approval.**

The Motion to Dismiss the bankruptcy is a contested matter.  The Settlement Agreement proposes to resolve the issues.  This is a contested matter.  It will require bankruptcy court approval. There has been no motion to approve the Settlement Agreement before the Court. The Movant is attempting to file a motion to enforce a settlement agreement that has not been approved by the court. This cannot be done because there is no signed settlement and there is no approval from the court.

While FRCP 12, made applicable by Bankruptcy Rule 7012, applies to adversary proceedings, <u>motion to dismiss is treated as contested matter under Bankruptcy Rule 9014</u>. Motion to dismiss under 11 USCS §§ 1112(b) and 109 and Bankruptcy Rules 1017 and 9014. In re Republic Trust & Sav. Co., 59 B.R. 606, 1986 Bankr. LEXIS 6460 (Bankr. N.D. Okla. 1986).

**3.      Mr. Jacobi NEVER Agreed to the Settlement Agreement**

The accountant for the company was represented by Matt Johnson.  He was to be listed as part of the Settlement Agreement. Mr. Works states: "I intentionally removed the signature of Mr. Winterton and Mr. Jacobi because I did not have their authority to file, as Mr. Winterton had made himself intentionally unavailable to complete the stipulation, even though it was my understanding that Mr. Winterton was in agreement with the terms of the stipulation because it

1  was the terms agreed on the record, and subject to some of his changes." (See Motion Page 4
2  line 9.)

3   Mr. Works knows there was no Settlement Agreement. He admits "<u>I did not have their
4  authority...</u>" and he stated "...Mr. Winterton was in agreement with the terms of the stipulation
5  because it was terms agreed on the record and <u>subject to some of his changes</u>". The changes
6  were never made and they do not agree to the changes. If there are changes then there is no
7  agreement. **Mr. Works admits there is no Settlement Agreement.**

8   Mr. Works misrepresented that Mr. Winterton "intentionally" made himself
9  unavailable. Mr. Winterton was at his temple working with Nile Leatham. This is just another
10 intentional misrepresentation to the court.

11 **4.    Mr. Works Wrongfully Submitted the Settlement with One Party That Was Not**
12 **       Authorized and Proposed Counsel for the Debtors Never Signed.**

13  Mr. Work was receiving pressure from his client to sign a settlement agreement. Mr.
14 Works drafted a settlement agreement. There was a counter-offer made to the Settlement
15 Agreement. Only part of the terms were agreed upon. There is no valid Settlement Agreement.
16 You will not find an email where Mr. Gleich gave authorization to use his electronic signature.
17 In fact, there is evidence that they were not authorized to use his electronic signature. There is
18 an affidavits that support the position that the matter has not been resolved.

19 **5.    The Settlement Agreement was to be Dispositive**

20  The key in this case was the matter was to be dispositive. The Debtors wanted it to be
21 dispositive. For example, they stated they wanted to jointly administer the cases. You need to
22 have a dispositive settlement to the case if you are going to jointly administer the case. Who is
23 going to pursue the $200,000.00 preference against Mr. Kindt 30 days prior to the bankruptcy.
24 Who is going to handle the pending litigation. This all need to be resolved before a plan and a
25 bankruptcy can be resolved. Who was going to be counsel for the Debtors if there is these
26 issues are not resolved. It is impossible. These issues were brought up but Mr. Works refused
27 to address them.

Mr. Kindt is not the president of the company. Mr. Kindt fired the manager of the San Diego Office. It is Ok for Mr. Kindt to fire people but it is not Ok for Mr. Gleich to fire people as president of the company. The individual that Mr. Kindt fired is now without any insurance.

Mr. Works is not correct. Counsel Mr. Winterton has not caused any delay. Mr. Kindt has take all of the Corporate documents and refuses to give it to the Debtor's officers. Mr. Kindt is over the operations of the California office and is responsible for the information. It is his interference.

Mr. Works has lied to the court. Mr. Winterton filed an Application to be employed. There was no opposition to the Application to be Employed. The court continued the uncontested matter with no evidence. Mr. Works, after the continued hearing, filed an Opposition to this Application. Mr. Works stated in the application Mr. Winterton has been ghost writing for and in behalf of the individuals. At the deposition of Mr. Kindt, he admitted that they were not accusing Mr. Winterton of ghost writing. Mr. Works called up and stated it was a mistake and Mr. Winterton was not ghost writing. He said he would correct any misconception. He has not done so and has mislead the court.

**6.     Mr. Works and Mr. Kindt have Taken Over the Bank Accounts and Operations of the Debtor Based Upon a Non-Settlement Agreement and the Principles of the Debtors cannot Operate the Business.**

The Debtor can no longer operate due to the actions of Mr. Kindt and Mr. Works. The bank informed us that Mr. Kindt and Mr. Works took over the bank account records of the Debtor and the Debtor can no longer operate. The President of the company has been taken out of his position as signer of the bank and in the Debtor in possession account. This was done by a Settlement Agreement that has been NOT agreed upon and signed by the Debtors.

**7.     The Only Way to Resolve this Issue is to Appoint a Trustee.**

The only way to resolve this issue is to Appoint a Trustee. The Trustee will be able to seize the assets and operate the business or shut it down. At the present time, the Debtor has

4

lost control of the bank accounts, fired individuals and the Debtor is struggling to operate due to the acts of Mr. Kindt and Mr. Works.

      Respectfully submitted this 18th day of April, 2022.

                                DAVID J. WINTERTON & ASSOCIATES, LTD.

                                By: */s/: David J. Winterton Esq.*
                                      David J. Winterton, Esq.
                                      Nevada Bar No. 4142
                                      7881 W. Charleston Blvd., Suite 220
                                      Las Vegas, Nevada 89117
                                      *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

1. On April 18, 2022 I served the following document(s):

   Debtor's Opposition to the Motion to Enforce Settlement Agreement.

   Affidavit in Support of Debtor's Opposition to the Motion to Enforce Settlement Agreement.

2. I served the above-named document(s) by the following means to the persons as listed below:

**X**  **By ECF System:**
U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

**X**  (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the 18th day of April, 2022.

**See Attached Matrix**

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

　　　　　　　　　　　　 /s/: *Autumn G. Wheeler*
　　　　　　　　　　　　An employee of David J. Winterton & Assoc., Ltd.

6

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 22-10459-nmc<br>District of Nevada<br>Las Vegas<br>Fri Apr  8 14:05:51 PDT 2022 | CHAPTER 11 - LV<br>300 LAS VEGAS BLVD., SO. #4300<br>LAS VEGAS, NV 89101-5803 | DESTINATION SHUTTLE SERVICES, LLC<br>c/o Holley Driggs<br>F. Thomas Edwards, Esq.<br>400 S 4th Street, Third Floor<br>Las Vegas, NV 89101-6201 |
| NTI-CA INC<br>9525 HILLWOOD DR. STE. 170<br>LAS VEGAS, NV 89134-0529 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 | A&E Vehicle Registration Service<br>13666 Hawthorne Blvd Suite 1<br>Hawthorne, CA 90250-5815 |
| Angel Hubbe<br>415 E Grevillea St<br>Ontario, CA 91761-5324 | B&H Towing - Van Lingen<br>2755 Lomita Blvd<br>Torrance, CA 90505-5224 | Brook Furniture Rental Inc.<br>100 N Field Drive Suite 220<br>Lake Forest, IL 60045-2598 |
| CLARK COUNTY TREASURER<br>c/o Bankruptcy Clerk<br>BOX 551220<br>500 SOUTH GRAND CENTRAL PKWY<br>Las Vegas, NV 89155-1220 | City of Los Angeles LAWA<br>P. O. Box 102662<br>Pasadena, CA 91189-0120 | Clark County Assessor<br>c/o Bankruptcy Clerk<br>P.O. Box 551401<br>Las Vegas, NV 89151-4010 |
| DEPT OF EMPLOYMENT, TRAINING & REHAB<br>EMPLOYMENT SECURITY DIVISION<br>500 EAST THIRD STREET<br>Carson City, NV 89713-0002 | DEPT OF MOTOR VEHICLES<br>PUBLIC SAFETY RECORDS DIVISION<br>555 WRIGHT WAY<br>Carson City, NV 89711-0001 | Employer Driven Insurance Services<br>P.O. Box 7809<br>Visalia, CA 93290-7809 |
| GOLD COAST TRANSPORTATION SERVICE LLC<br>C/O RODMAN E. HONECKER, ESQ.<br>WINDELS MARX LANE & MITTENDORF, LLP<br>156 WEST 56TH STREET<br>NEW YORK, NY 10019-3800 | Gold Coast Transportation Service LLC<br>c/o John Samberg, Esq.<br>WRSSR<br>200 S. Virginia St. Ste. 470<br>Reno, NV 89501-2402 | Greenlight Premium Finance Company<br>PO Box 66501<br>Saint Louis, MO 63166-6501 |
| Hyitt Limo Service LLC<br>5616 Mill Peak Rd<br>San Diego, CA 92120-4642 | IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Insite Grafix<br>13801 Hawthorne Boulevard<br>Hawthorne, CA 90250-7011 |
| JOHN W. NEMECEK<br>C/O OFFICE OF THE UNITED STATES TRUSTEE<br>300 LAS VEGAS BOULEVARD SO., SUITE 4300<br>LAS VEGAS, NV 89101-5803 | KDS Auto Repair<br>10608 S Praire Ave<br>Inglewood, CA 90303-2104 | LEWIS N. LEVY, ESQ.<br>WOHLNER KAPLON CUTLER HALFORD ROSENFELD<br>16501 VENTURA BLVD., SUITE 304<br>ENCINO, CA 91436-2067 |
| LaBrea RE Inc<br>4077 Randolph Rd<br>Morrisville, VT 05661-4451 | (p)LOS ANGELES COUNTY TREASURER AND TAX COLLE<br>ATTN BANKRUPTCY UNIT<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | Lozgar Diesel<br>14737 San Bernardino Ave<br>Fontana, CA 92335-2554 |
| NEVADA DEPT OF TAXATION<br>BANKRUPTCY SECTION<br>555 E WASHINGTON AVE #1300<br>Las Vegas, NV 89101-1046 | Professional Fleet Service Inc.<br>PO Box 88039<br>Los Angeles, CA 90009-8039 | RICHARD T. BAUM<br>LAW OFFICES OF RICHARD T. BAUM<br>11500 WEST OLYMPIC BLVD., SUITE 400<br>LOS ANGELES, CA 90064-1525 |

| | | |
|---|---|---|
| RODMAN E. HONECKER, ESQ.<br>WINDELS MARX LANE & MITTENDORF, LLP<br>156 WEST 56TH STREET<br>NEW YORK, NY 10019-3800 | SC Fuels<br>SC Fuels P. O. Box 14237<br>Orange, CA 92863-1237 | (p)SPRINT<br>C O AMERICAN INFOSOURCE<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| Social Security Administration<br>Regional Cheif Counsel, Region IX<br>160 Spear Street, Suite 800<br>San Francisco, CA 94105-1545 | Southern California Edison<br>Acct No 9711<br>P.O. Box 600<br>Rosemead, CA 91771-0001 | Sparkletts<br>P.O. Box 660579<br>Dallas, TX 75266-0579 |
| Teamsters Local Union #986<br>1430 E Holt Ave<br>Covina, CA 91724-3703 | Ted Johnson Propane<br>5140 Elton Street<br>Baldwin Park, CA 91706-1889 | Third Coast Underwriters<br>PO Box 4061<br>Carol Stream, IL 60197-4061 |
| U.S. TRUSTEE - LV - 11<br>300 LAS VEGAS BOULEVARD S.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | United States Trustee<br>300 Las Vegas Blvd., S. #4300<br>Las Vegas, NV 89101-5803 | Verizon Connect<br>PO Box 15043<br>Albany, NY 12212-5043 |
| Zeem Solutions<br>626 South Isis Avenue<br>Inglewood, CA 90301-2911 | DAVID J. WINTERTON<br>7881 W. CHARLESTON BLVD., STE. 220<br>LAS VEGAS, NV 89117-8327 | JOHN E. KINDT<br>C/O J. DOUGLAS CLARK<br>417 W. PLUMB LANE<br>RENO, NV 89509-3766 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Los Angeles County Tax Collector<br>PO BOX 54027<br>Los Angeles, CA 90054 | (d)Los Angeles County Treasurer and Tax Colle<br>Attn: Bankruptcy Unit<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | SPRINT<br>6200 Sprint Pkwy<br>Leawood, KS 66211 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Gold Coast Transportation Service LLC | (u)Teamsters Local Union No. 986<br> United States | (u)1st Jon Inc. |
| (u)City of Angels Fire Protection | (u)City of Inglewood | (u)Collision Plus Equipment |

| | | |
|---|---|---|
| (u)Complete Office | (u)Completes Plus (NTI) | (u)Concentra Occupational Health |
| (u)Expo Propane-LA | (u)Express Group Cleaning | (u)First American Equipment Finance |
| (u)Hector Chavez | (u)Home Depot (Supply Works) | (u)Jasper Engines & Transmissions |
| (u)Kaiser Permanente | (u)L.A.'s Bestway Towing | (u)Los Angeles County Fire Department |
| (u)Luxury Van & Shuttle Bus | (u)MacHighway | (u)Mario Ardon |
| (u)Midland Equipment Finance | (u)Mutual of Omaha | (u)NFS Leasing Inc. |
| (u)Performance Plus Tire Center | (u)R&V Truck & Auto Services LLC | (u)Richard Cooper |
| (u)SJM Industrial Radio | (u)Sedgwick Claims Management Services Inc. | (u)Southern California Edison Acct No 2063 |
| (u)Spectrum Business | (u)Stella Grafx | (u)T.J. Pantaleo |
| (u)ULine | (u)Veritext LLC | (u)Zoom Video Communications |

```
End of Label Matrix
Mailable recipients    44
Bypassed recipients    36
Total                  80
```